IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SHEGOG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 1:21-cv-357 |
| v. | ) |
| | ) |
| **OFFICER GRINELL,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM ORDER

Plaintiff Joseph Shegog, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), filed this *pro se* civil rights action against five employees of the Pennsylvania Department of Corrections,[1] alleging that the Defendants violated his First Amendment and Eighth Amendment rights. ECF No. 8. Plaintiff's First Amendment claim concerns allegations that he was removed from his prison job and physically threated in retaliation for filing a grievance and expressing disagreement with an unfavorable job performance review. *Id*. Defendants filed their answer on May 3, 2022. ECF No. 20. The matter has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

On August 22, 2022, Plaintiff filed a motion for a preliminary injunction at ECF No. 34 ("First Motion"), which remains pending before the Court. In this First Motion, Plaintiff states that his legal mail/ materials are being "returned to sender" and/or defense counsel is using "his authority to misdirect" Plaintiff's correspondence. ECF No. 34. As evidence, Plaintiff appended

---

[1] The named Defendants include "Officer Grinell," Jennifer Mooney, Jennifer DePlatchett, "Ms. Shrader," and "Ms. Giles."

1

what appears to be an internal prison form authored by "Dina Raubaugh"; the form states that a "piece of mail was received by smart communications and is being returned to sender due to the following reason: Legal Mail CONTROL NUMBER." ECF No. 34-1. Plaintiff's First Motion requests an order directing the DOC to allow his legal mail to be sent to him directly. ECF No. 34.

On August 25, 2022, Judge Lanzillo issued a Report and Recommendation ("R&R"), ECF No. 35, in which he opined that Plaintiff's First Motion for a preliminary injunction should be denied because Plaintiff had not demonstrated that he will suffer irreparable harm without the requested relief. *Id.* at 5. Judge Lanzillo explained that all nonprivileged communications sent to inmates must be scanned by the DOC's third-party processing vendor (Smart Communications), while privileged communications must have an attorney or court "control number" on the envelope before they can be opened in the presence of the inmate. As Judge Lanzillo also explained, Plaintiff's exhibit does not support his assertion that opposing counsel was misdirecting his legal mail -- something defense counsel has no power to do in any event; instead, Plaintiff's exhibit suggests that a piece of legal mail was returned to the sender because it lacked the requisite control number. *Id*. at 5.

Plaintiff's objections to the R&R were due to be filed on or before September 12, 2022. Plaintiff did not file objections. He did, however, file a second motion for preliminary injunction ("Second Motion") and a supplement thereto on September 14, 2022 and October 11, 2022, respectively. *See* ECF Nos. 39 and 41. These latter filings state, in essence, that Plaintiff was placed in "Level 5 housing" on September 11, 2022 and was thereby "separated from all legal work and legal documents." ECF No. 39. Plaintiff claims his discovery materials were "confiscated and shuffled with other paperwork," which made it impossible for him to retrieve

the papers he needed during the time frame allotted, especially while handcuffed.  *Id*.; *see also* ECF No.41, ¶3.  Based on the confiscation of his legal papers, Plaintiff claims he was "denied access to the courts."  ECF Nos. 39, 41.  He states that his request for law library time and his request to make copies "for proof of confinement" were denied.  *Id*.  Attached to his supplement are various declarations alleging misconduct by one "Sergeant Bates," who allegedly informed Plaintiff's cell block that Plaintiff was a "rat ass" and partially responsible for certain restrictions that were being placed on phone privileges.  ECF No. 41-1.  Plaintiff states that he is subject to constant harassment and retaliation and that he is experiencing irreparable harm.  ECF No. 41.  As relief, he requests a transfer pending "the outcome" of this litigation; alternatively, he requests $50,000 as a "sanction for denying access to the courts" and $50,000 "for future sanctions for retaliation in any and all forms."  ECF No. 39.

      With respect to Plaintiff's First Motion for a preliminary injunction filed at ECF No. 34, the Court agrees with Judge Lanzillo's reasoning for denying that motion, as set forth in the August 25, 2022 R&R.  As for Plaintiff's Second Motion filed at ECF No. 39, the Court finds (once again) that no basis for preliminary injunctive relief has been stated.  As was true with Plaintiff's First Motion, the allegations in his Second Motion do not establish "irreparable harm," notwithstanding Plaintiff's conclusory assertion to the contrary.  Notably, summary judgment motions are not due until November 15, 2022, and responses are not due until December 16, 2022.  To the extent Plaintiff can identify specific materials that he is missing and the manner in which those materials impact his case, the Magistrate Judge has the ability to mitigate any potential prejudice through appropriate pretrial orders.  Plaintiff also has the ability to file a Rule

56(d) affidavit,[2] should circumstances so warrant. In the event Plaintiff is dissatisfied with the Magistrate Judge's pretrial orders, he can file objections in accordance with Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72(C).

As for Plaintiff's complaints that he is experiencing harassment and/or being denied access to the Courts, Plaintiff's preliminary injunction motion is not the appropriate vehicle for grieving the alleged misconduct. Plaintiff's allegations may or may not constitute grounds for additional civil rights claims, but any such claims would have to be asserted in a different lawsuit. In any event, this Court lacks jurisdiction to entertain a motion for injunctive relief that is unconnected to the claims in Plaintiff's complaint. *See Ball v. Famiglio*, 396 F. App'x 836, 838 (affirming the denial of injunctive relief where there was no "relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); *Talbert v. Beaver*, No. CV 3:22-0112, 2022 WL 4357472, at *3 (M.D. Pa. Sept. 20, 2022) (court noting that it "completely 'lacks jurisdiction over claims raised in a motion for injunctive relief' where those matters are 'unrelated to the underlying complaint'") (quoting *Stewart v. Verano,* Civil No. 1:13–CV–2518, 2015 WL 1636124, at *2 (M.D. Pa. Apr. 8, 2015)).

Accordingly, after *de novo* review of the Complaint, Plaintiff's motions for a preliminary injunction, the Magistrate Judge's Report and Recommendation, and all other relevant filings in this case, the following Order is entered:

---

[2] **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

NOW, this 14th day of October, 2022,

IT IS ORDERED that Plaintiff's motion for a preliminary injunction docketed at ECF No. [34] is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, dated August 25, 2022, ECF No. [35], is adopted as the opinion of this Court.

IT IS FURTHER ORDERED that Plaintiff's motion for a preliminary injunction docketed at ECF No. [39] is DENIED.  The denial is without prejudice to Plaintiff's right to seek relief through appropriate discovery-related motions filed with the Magistrate Judge.

                                                  SUSAN PARADISE BAXTER
                                                  United States District Judge